IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DAVID CLUM, JR., | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. 2:25-cv-02337-SHL-atc |
| | ) |
| WARDEN C. HARRISON, | ) |
| | ) |
|     Respondent. | ) |

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING MOTION FOR EXPEDITED BRIEFING AND FOR LEAVE TO FILE AMICUS BRIEF AS MOOT, DISMISSING § 2241 PETITION WITHOUT PREJUDICE, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition") of Petitioner David Clum, Jr., Bureau of Prisons register # 20962-075, an inmate who at the time he commenced this action was confined at the Federal Correctional Institution Memphis Satellite Prison Camp ("FCI Memphis SPC") in Millington, Tennessee. (ECF No. 1 at PageID 1.) On April 2, 2025, Clum paid the filing fee. (ECF No. 4.) Clum filed a Motion for Expedited Briefing. (ECF No. 5.) Respondent Warden Harrison has filed a Motion to Dismiss. (ECF No. 10.) Clum filed a response to the Motion to Dismiss. (ECF No. 11.) Warden Harrison filed a Reply in Support of Motion to Dismiss (ECF No. 12), and Clum filed a Second Reply (ECF No. 13). A Motion for Leave to File an Amicus Brief in Support of Clum was filed.[1] (ECF No. 14.) For the reasons that follow, the Motion to Dismiss

---

[1] James S. Faller II filed the Motion for Leave to File an Amicus Brief. Faller asserts that he "has long advocated for the rights of *pro se* litigants and the protection of constitutional guarantees in federal courts," and "worked in association with the late U.S. Justice Richard Posner in efforts to address systemic prejudice against *pro se* litigants." (Id. at PageID 140.)

is **GRANTED**, the Motion for Expedited Briefing (ECF No. 5) and the Motion for Leave to File Amicus Brief (ECF No. 14) are **DENIED AS MOOT**, and the § 2241 Petition is **DISMISSED**.

## BACKGROUND

After a jury trial, Clum was found guilty in the United States District Court for the Southern District of Florida of one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 286, and forty-one counts of false and fictitious claims upon the United States, in violation of 18 U.S.C. § 287. (No. 0:11-cr-60273 (S.D. Fla.), ECF Nos. 603 & 717 at Page 1.) On February 5, 2013, he was sentenced to 293 months of imprisonment, followed by a three-year term of supervised release. (ECF No. 717 at Page 2–3.) On February 6, 2013, Clum filed a direct appeal. (No. 0:11-cr-60273 (S.D. Fla.), ECF No. 721.) On April 13, 2015, the judgment of the district court was affirmed. *United States v. Clum*, 607 F. App'x 922 (11th Cir. 2015), *cert. denied*, 136 S. Ct. 557 (2015).

On November 14, 2016, Clum filed a § 2241 Petition in the United States District Court for the Eastern District of Arkansas. The § 2241 Petition was re-characterized as a § 2255 Motion and transferred to the United States District Court for the Southern District of Florida. The petition alleged actual innocence and additional grounds for relief, including several ineffective assistance of counsel claims. (No. 0:17-cv-61687 (S.D. Fla.), ECF Nos. 1 and 22 at Page 1, 6.) On December 4, 2017, the district court in Florida denied the § 2255 motion. (*Id.*, ECF No. 47 at Page 27.)

On February 20, 2018, Clum filed a § 2241 Petition in the United States District Court for the Eastern District of Arkansas, again alleging his innocence. (No. 2:18-cv-00028 (E.D. Ark.),

---

Posner, a former Judge with the Seventh Circuit Court of Appeals and the former president of the now-dissolved Posner Center of Justice for Pro Se's, is alive.

2

ECF No. 1 at Page 1.)  On July 23, 2018, the district court in Arkansas denied the § 2241 motion. (*Id.*, ECF No. 16 at Page 2.)  Clum appealed.  (*Id.*, ECF No. 18.)  The Court of Appeals affirmed the district court.  *Clum v. Beasley*, No. 18-2706, 2018 WL 7223199 (8th Cir. Nov. 1, 2018), *cert. denied*, *Clum v. Beasley*, 587 U.S. 1032, (2019).

Clum filed a § 2255 Motion on May 13, 2022, in the United States District Court for the Southern District of Florida.  (No. 0:22-cv-60954, ECF No. 1.)  On May 25, 2022, the district court denied his motion.  (*Id.*, ECF No. 3 at Page 28.)  Clum appealed.  (*Id.*, ECF No. 5.)  The Court of Appeals affirmed the district court.  *Clum v. United States*, No. 22-11976, 2023 WL 5695598 (11th Cir. Sep. 5, 2023), *cert. denied*, *Clum v. United States*, 144 S. Ct. 709 (2024).

Clum filed a § 2241 Petition on March 15, 2024, in the United States District Court for the Western District of Tennessee, alleging due process and equal protection claims based on his request for home confinement under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Public Law No. 116-136.  (No. 2:24-cv-02172 (W.D. Tenn.), ECF No. 1.)  On May 3, 2024, the district court denied the § 2241 motion.  (*Id.*, ECF No. 6 at Page 7.)

Clum filed the instant § 2241 Petition on March 24, 2025.  (ECF No. 1.)  He alleges that the Bureau of Prisons ("BOP") miscalculated his earned time credits under the First Step Act ("FSA"), the Second Chance Act ("SCA"), and failed to timely refer him to pre-release custody in violation of his due process rights.  (ECF Nos. 1, 11 & 13 at PageID 2–8, 88-97, 132–136.) According to Clum, he should have been transferred to pre-release custody between May 23, 2025, and June 7, 2025.  (ECF No. 1 at PageID 7.)

On July 2, 2025, Warden Harrison filed a Motion to Dismiss the § 2241 Petition under Federal Rules of Civil Procedure 12(b)(1) and (b)(6).[2]  (ECF No. 10 at PageID 38, 40–45.)

---

[2] Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District

3

Harrison's motion is supported by the Declaration of Robin Eads, a BOP paralegal with access to official records for BOP inmates, along with Clum's Administrative Remedy History, which are both attached to the Motion. (ECF Nos. 10-1 & 10-4.)

Harrison argues that this Court should dismiss the § 2241 Petition based on Clum's failure to exhaust his administrative remedies with the BOP. (ECF No. 10 at PageID 43–45.) Harrison also argues that the § 2241 Petition should be denied on the merits because the BOP has properly calculated Clum's earned time credits and the BOP decision regarding the placement of an inmate in community custody is discretionary and not subject to judicial review. (*Id*. at PageID 45–56.)

## **APPLICABLE LAW**

Federal Rule of Civil Procedure 12(b)(6) provides that a claim may be dismissed for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, the petition must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded allegations as true and construes the record in the light most favorable to the non-moving party. *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013).

"A district court is not permitted to consider matters beyond the complaint" when considering a motion to dismiss under Rule 12(b)(6). *Mediacom Se. LLC v. BellSouth Telecomms., Inc.*, 672 F.3d 396, 399 (6th Cir. 2012). If a court considers material outside of the pleadings, the motion to dismiss must be converted into a motion for summary judgment under

---

Courts permit a respondent to file a pre-answer motion to dismiss a petition for writ of habeas corpus under 28 U.S.C. § 2254, and those rules may be applied to § 2241 petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

4

Federal Rule of Civil Procedure 56, "and all parties must be given a reasonable opportunity to present all material pertinent to the motion." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011). A court may, however, consider exhibits attached to the petition as well as exhibits attached to the motion to dismiss "so long as they are referred to in the [c]omplaint and are central to the claims contained therein," without converting the motion to one for summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## ANALYSIS

Although § 2241 does not contain an express statutory exhaustion requirement, federal inmates must generally exhaust all administrative remedies available before filing a § 2241 petition. *See Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir. 1981) ("It is well established that federal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas relief may be granted."). The BOP has established a three-tiered Administrative Remedy Program by which an inmate may progressively redress grievances at the institutional, Regional, and Central Office (national) levels.[3] *See* 28 C.F.R. § 542.10, *et seq*. "Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit." *Cooper v. Batts*, No. 21-5828, 2022 WL 4009862, at *2 (6th Cir. Aug. 25, 2022) (citation modified).

---

[3] Under the BOP's tiered process, an inmate must first attempt to resolve his matter of concern informally with prison staff. 28 C.F.R. § 542.13(a). If informal resolution is not possible, the inmate may file a formal written Administrative Remedy Request with the facility's warden within twenty days of the incident forming the basis of the request. 28 C.F.R. § 542.14(a). If the inmate is dissatisfied with the warden's response, he may appeal to the regional director within twenty days of the date the warden signed the response. 28 C.F.R. § 542.15(a). If the prisoner is not satisfied with the regional director's response, he may submit an appeal to the BOP's general counsel within thirty days of the regional director's signed response. *Id*. This appeal is the final level of administrative review. *Id*.

A prisoner's failure to exhaust available administrative remedies "may be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks." *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006).  Nonetheless, "[t]he Sixth Circuit requires some affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable." *Napier v. Laurel Cnty.*, 636 F.3d 218, 223 (6th Cir. 2011) (citation modified).  A prisoner cannot "simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

Harrison argues that Clum's petition should be dismissed for failure to exhaust his administrative remedies.  (ECF No. 10 at PageID 43.)  In her declaration, Eads asserts that Clum filed twelve administrative grievances while in BOP custody, one of which related to a request for referral to the Residential Reentry Management Office ("RRM") and FSA credits.  (ECF No. 10-1 at PageID 62.)  This grievance requested "immediate referral to RRM/RRC per correct FSA calculation"— the issue raised in the instant § 2241 Petition.  (ECF Nos. 10-1 & 10-5 at PageID 62, 80.)  Eads declares Clum was notified in the Warden's response to Clum's grievance of his projected release date and that referral to RRM was premature.  (*Id.* at PageID 62-63.)  Eads declares that Clum failed to appeal the response to the Regional Director or Office of General Counsel.  (*Id.* at PageID 63.)

Clum acknowledges his failure to exhaust his administrative remedies but bases his failure to appeal the Warden's response on the argument that, "[i]t is futile to pursue a remedial process when the time for the Respondent/s to remedy the problem has already passed without the Respondent doing anything."  (ECF No. 1 at PageID 2.)  That approach is inconsistent with

6

the three-tiered Administrative Remedy Program, however. The end result is that Clum has failed to exhaust his administrative remedies with respect to the claim raised in the instant § 2241 Petition, and he has not shown that exhaustion would be futile. *See Fazzini*, 473 F.3d at 236.

Clum cites no authority from the Sixth Circuit to support his argument that exhaustion is not required in his case.[4] Other district courts in the Sixth Circuit have summarily dismissed § 2241 petitions challenging the denial of FSA credits where the prisoner failed to exhaust administrative remedies. *See, e.g.*, *Peete v. United States*, No. 2:23-CV-10137, 2023 WL 2472623, at *2 (E.D. Mich. Feb. 13, 2023); *Dyer v. Fulgam*, No. 1:21-CV-104, 2021 WL 3673825, at *2 (E.D. Tenn. Aug. 18, 2021). Clum did not comply with the BOP's administrative remedy process prior to filing his case in federal court, therefore, his § 2241 Petition must be **DISMISSED**.[5] *See Little*, 638 F.2d at 953–54.

---

[4] Clum cites to several decisions that are inapplicable to his case. First, he cites *Ross v. Blake*, 578 U.S. 632, 636 (2016), which stands for the proposition that "[a] prisoner need not exhaust remedies if they are not 'available.'" Here Clum failed to participate in the administrative remedies process that was available to him. (*See* ECF No. 10-1 at PageID 62–63.) Thus, his case is distinguishable from *Ross*.

Clum also cites *Woodford v. Ngo*, 548 U.S. 81, 102 (2006), but in that case the Supreme Court held that the PLRA exhaustion requirement requires proper exhaustion and rejected a prisoner's argument that "requiring proper exhaustion [would] lead prison administrators to devise procedural requirements that are designed to trap unwary prisoners and thus to defeat their claims." Thus, *Woodford* supports Respondent's position.

Clum also cites *Goar v. Civiletti*, 688 F.2d 27 (6th Cir. 1982), but in that case the Sixth Circuit held that a prisoner was not required to exhaust administrative remedies before bringing an action for damages because the administrative officials did not have authority to award money damages for a tort claim. Thus, Clum's case is distinguishable from *Goar*.

Finally, Clum cites *McKart v. United States*, 395 U.S. 185 (1969), but that case involved the government's attempt to impose criminal sanctions on a selective service registrant. Thus, his case is distinguishable from *McKart*.

[5] Because Clum's failure to exhaust his administrative remedies is dispositive, the Court declines to address Harrison's alternative argument that the § 2241 Petition should be denied on the merits because the BOP properly calculated Clum's earned time credits and the BOP's RRM placement decisions are discretionary and not subject to judicial review. (*See* ECF No. 10 at PageID 45–46.)

## CONCLUSION

Because Clum failed to exhaust his administrative remedies, Harrison's Motion to Dismiss (ECF No. 8) is **GRANTED**. The Motion for Expedited Briefing (ECF No. 5), and the Motion for Leave to File Amicus Brief (ECF No. 14) are **DENIED AS MOOT**. The § 2241 Petition is **DISMISSED WITHOUT PREJUDICE**. Judgment shall be entered for Respondent.

## APPELLATE ISSUES

A federal prisoner seeking relief under § 2241 need not obtain a certificate of appealability under 28 U.S.C. § 2253(c)(1) to challenge the denial of his petition. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a § 2241 proceeding, the petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). If the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must move to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

Because Clum has failed to exhaust his administrative remedies, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Clum leave to appeal *in forma pauperis*.

**IT IS SO ORDERED,** this 25th day of September, 2025.

                                                s/ Sheryl H. Lipman
                                                SHERYL H. LIPMAN
                                                CHIEF UNITED STATES DISTRICT JUDGE